PROB 12C
(6/16)

Report Date: October 30, 2018

# United States District Court

for the

## Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Timothy Ray Allen | Case Number: 0980 2:15CR00077-TOR-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮  Spokane, Washington 99223 | |
| Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge | |
| Date of Original Sentence: April 28, 2016 | Date of Revocation Sentence: July 11, 2018 |
| Original Offense: | Felon in Possession of a Firearm,  18 U.S.C. § 922(g)(1) |
| Original Sentence: | Prison - 37 months<br>TSR - 36 months |
| Revocation Sentence: | Prison - 4 months<br>TSR - 32 months |
| | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Patrick J. Cashman | Date Supervision Commenced: October 8, 2018 |
| Defense Attorney: John Barto McEntire, IV | Date Supervision Expires: June 7, 2021 |

## PETITIONING THE COURT

To issue a **warrant**.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Standard Condition #5**: You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: On October 22, 2018, Mr. Allen changed his living arrangement without notifying the undersigned officer.<br><br>On October 12, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Allen, as outlined in the judgement and sentence.  He signed a copy acknowledging the requirements.<br><br>On October 23, 2018, the undersigned officer received a phone call from staff of Betterment Recovery, a clean and sober house Mr. Allen had been residing at since October 15, 2018. According to staff, the offender left the residence on that date to go to work.  When the client failed to attend the narcotics anonymous meeting that evening, staff initially believed

Prob12C
Re: Allen, Timothy Ray
October 30, 2018
Page 2

he may have worked late. When the client failed to report to the residence by the 10 p.m. curfew, they attempted to contact Mr. Allen but were unsuccessful. As a result, staff informed this officer that the offender's residency was being terminated, and he had 72 hours to pick up his personal property.

2        **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: On October 22, 2018, Mr. Allen changed his employment status without notifying the undersigned officer.

On October 12, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Allen, as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

On October 23, 2018, the undersigned officer received a phone call from staff of Betterment Recovery, a clean and sober house Mr. Allen had been residing at since October 15, 2018. Staff advised this officer they contacted the offender's employer, Inside-n-Out Handwash, earlier that date after Mr. Allen failed to return home from work. At that time, the manager informed staff the client did not report for his scheduled shift on October 22, 2018.

On October 29, 2018, this officer was able to speak with a supervisor at Inside-n-Out Handwash who informed this officer that Mr. Allen did not report for work on either October 22 or 23, 2018. In fact, the undersigned officer was advised that the offender reported to work for 1 day then never returned; thus he was terminated.

3        **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On or about October 28, 2018, Mr. Allen consumed heroin.

On October 12, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Allen, as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

On October 29, 2018, Mr. Allen finally contacted the undersigned officer, after days of unsuccessful attempts to contact him via telephone and text message. He informed this officer that he was in the processing of filling out an application to enter into the detox program with Spokane Treatment and Recovery Services. When asked why he would need to detox, the offender stated he had relapsed on heroin on October 28, 2018. Mr. Allen was asked who he used heroin with and where he got the heroin from, which he declined to answer stating that "he did not feel comfortable answering those questions."

Prob12C
Re: Allen, Timothy Ray
October 30, 2018
Page 3

| | | |
|---|---|---|
| 4 | **Special Condition #2**: | You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervision officer and treatment provider. |

**Supporting Evidence**: On October 29, 2018, Mr. Allen failed to meet the expectations of the detox program and was unsuccessfully discharged from Spokane Treatment and Recovery Services.

On October 12, 2018, an officer from the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Allen, as outlined in the judgement and sentence. He signed a copy acknowledging the requirements.

On October 29, 2018, Mr. Allen contacted this officer to advise he was checking himself into inpatient treatment after relapsing on heroin. This officer spoke with a sobering technician who confirmed that Mr. Allen was eligible to enter into the detox program, where he would be assigned a case manager and suboxone treatments would be initiated.

On October 30, 2018, Mr. Allen informed this officer, after waiting at the hospital for 3hours for detox medication, he returned to the detox facility without being seen. He stated, upon his return, he was informed by staff that he needed verification paperwork from the hospital. Mr. Allen advised this officer that he returned to the hospital and was finally seen. According to the offender, his girlfriend picked him up from the hospital to give him a ride back to the detox facility and they stopped to get her son something to eat on their way back. According to Mr. Allen, staff informed him when he returned to the facility that his bed space had been offered to someone else because he deviated on his return from the hospital.

On October 30, 2018, following the conversation with Mr. Allen, the undersigned officer contacted Spokane Treatment and Recovery Services who advised that they transported the offender to the hospital at 3:30 p.m. on October 29, 2018, per his request. Mr. Allen was subsequently discharged from their program at 9 p.m. on October 29, 2018, after he failed to check back into their facility.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** for the arrest of the offender to answer the allegation contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   10/30/2018

s/Amber M.K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

Prob12C
**Re: Allen, Timothy Ray**
**October 30, 2018**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[✓] The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

*Thomas O. Rice*
Thomas O. Rice
Chief U.S. District Judge

Signature of Judicial Officer

October 30, 2018

Date